**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2261
_____

JOSEPH ARUANNO,
                              Appellant

v.

STEVEN JOHNSON, Assistant Superintendent;
MERRILL MAIN, Director; JOHN/JANE DOES 1-25
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-01151)
District Judge:  Honorable Hon. William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2013
Before:  AMBRO, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed June 6, 2013)
_____

OPINION
_____

PER CURIAM

Pro se Appellant Joseph Aruanno appeals from the order of the United States

District Court for the District of New Jersey dismissing his civil rights action for failure

to state a claim.  Aruanno is confined at the Special Treatment Unit ("STU") Annex in

Avenel, New Jersey.  He filed his civil rights complaint against Steven Johnson, Assistant

Superintendent of the STU; Merrill Main, Director; and twenty-five John/Jane Does. Among other things, Aruanno alleged that the Defendants denied him legal access, such as access to the courts, to his attorneys, and to law library materials. In addressing the resulting harm, he stated that he obtained "a remand involving his criminal conviction" but that the Defendants "refused to take him to court in Cape May for the hearing which resulted in failure," and that hearing date was in November 2009. (Complaint, "Complaint Summary" at 2 (emphasis omitted)). He also alleged that he suffered harm in another District Court case, identified with the case number 08-305. Aruanno further stated that the Defendants retaliated against him when they denied his December 2009 appointment to be interviewed by NJN Television for an episode of the program Due Process. In addition, Aruanno alleged that the Defendants denied him telephone contact with his family and friends, noting that the telephone lines are always busy when they attempt to call him. As relief, he sought ten million dollars in damages and injunctive relief. Aruanno also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The District Court granted Aruanno's in forma pauperis application and screened the complaint for dismissal under section 1915(e)(2)(B). The District Court denied the access to courts claim with prejudice to the extent that it related to Aruanno v. Booker, D.N.J. Civ. No. 08-cv-00305, noting that the case had been dismissed not due to the

Defendants' conduct, but because of Aruanno's refusal to comply with discovery.[1] The District Court dismissed Aruanno's complaint for failure to assert facts to support a conclusion that he lost the opportunity to pursue a non-frivolous cause of action. However, the District Court allowed Aruanno the opportunity to file an amended complaint to state a cognizable access to courts claim. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Aruanno filed an amended complaint. Among other things, he re-asserted that the Defendants engaged in retaliatory actions in response to his litigation activity. He repeated his allegations concerning the Defendants' interference with his ability to consult with his attorneys and their refusal to take him to a court proceeding "for the remand of an invalid conviction," noting that the Defendants' actions resulted in "failure" of the proceedings. (Amended Complaint at 3-4.) In addition, Aruanno noted the ongoing challenge to his conviction and appeal, the "family and friends issue" involving denial of contact, and the "media issue" involving NJN Television (Id. at 6). The District Court screened the amended complaint and dismissed it for failure to state a claim.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal under section 1915(e)(2)(B). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

---

[1] This Court affirmed the dismissal in C.A. No. 10-2387.

In its April 12, 2012 opinion concerning the amended complaint, the District Court concluded that Aruanno failed to set forth facts concerning actual injury to a particular court case and did not allege any particular defendant's interference with his access to the courts. Further, although the District Court indicated that it normally would grant leave to amend, it declined to do so for two reasons. First, the Court reasoned that it already had outlined the legal standard for an access to courts claim and had given Aruanno a previous chance to allege non-conclusory facts. Second, it applied claim preclusion to Aruanno's action, finding that Aruanno previously presented the same facts and claims, against defendants in privity, in Aruanno v. Main, D.N.J. Civ. No. 07-cv-3867, a case dismissed on the merits and affirmed by us in C.A. No. 10-3382.

Claim preclusion applies when the following three circumstances are present: (1) a final judgment on the merits in a prior suit, (2) involving the same parties or their privies, and (3) a later suit based on the same cause of action. See Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010). The District Court's opinion contains an excerpt of our affirmance in Aruanno v. Main, so we will not repeat it here. It suffices to note the similarity of Aruanno's allegations of interference with his litigation matters and hindrance of communication with his attorneys. However, in Aruanno v. Main, Aruanno had not identified any harm to any specific lawsuit as a result of the defendants' interference. Here, Aruanno did identify at least one cause of action that resulted in "failure," namely, the court proceeding concerning his conviction. References to this proceeding appear in both versions of his complaint. Further, Aruanno v. Main was filed

4

in 2007, with an amended complaint filed in April 2009, but the harms alleged in this case--both concerning the Defendants' refusal to take him to a court proceeding and the retaliatory denial of his interview with NJN--occurred in late 2009, following his transfer to the STU-Annex. Aruanno stated in his notice of appeal that the allegations in this action concern "an entirely new facility with different staff, or defendants, except one, and 5 years later." (Notice of Appeal at 2.) Indeed, the record in <u>Aruanno v. Main</u> reflects that Aruanno formerly resided at the Northern Regional Unit STU in Kearney, New Jersey, and the allegations pertained to events during his residence there. We also note that the District Court did not acknowledge Aruanno's allegations of retaliation.

Because Aruanno did specify actual injury to his litigation, and because this action is not barred by claim preclusion, we will not uphold the District Court's sua sponte dismissal. Accordingly, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion. We express no opinion concerning the merits of Aruanno's claims.