**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3695
_____

JOSEPH ARUANNO,
                                    Appellant

v.

STEVEN JOHNSON, Assistant Superintendent; MERRILL MAIN, Director;
JOHN/JANE DOES 1-25
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-11-cv-01151)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2014

Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed June 13, 2014)
_____

OPINION
_____

PER CURIAM

    Pro se appellant Joseph Aruanno appeals the District Court's order dismissing his

amended complaint under 28 U.S.C. § 1915.  We have jurisdiction under 28 U.S.C.

§ 1291 and exercise plenary review over the District Court's order.  See Allah v.

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons set forth below, we will affirm the District Court's judgment.

Aruanno is civilly confined at the Special Treatment Unit in New Jersey pursuant to the New Jersey Sexually Violent Predators Act. He is also a frequent litigator, who is currently, by our count, pressing his 45th appeal in this Court. In this action, he filed a complaint in the District Court under 42 U.S.C. § 1983, asserting three claims: (1) that the defendants infringed his First Amendment right to access the courts; (2) that the defendants retaliated against him for exercising his First Amendment right to give an interview to a television program; and (3) that the defendants violated his First Amendment right to speak on the telephone with his family and friends.

The District Court dismissed Aruanno's complaint without prejudice to his filing an amended complaint. Aruanno then filed an amended complaint, which the District Court also dismissed. Aruanno appealed to this Court, and we vacated the District Court's judgment and remanded for further proceedings. See Aruanno v. Johnson, 527 F. App'x 142 (3d Cir. 2013). On remand, the District Court again dismissed the amended complaint. The Court held that while Aruanno claimed that the defendants had violated his right to access the courts by preventing him from attending a court hearing in another case, he had failed to assert that this conduct had caused the type of actual injury required to maintain an access-to-the-courts claim. The Court further concluded that Aruanno's retaliation claim failed because he had not pleaded that the defendants took adverse action against him. Aruanno then filed a timely notice of appeal to this Court.

2

We agree with the District Court's disposition of this case. To state a claim for a violation of his right to access the courts, Aruanno was required to "allege actual injury, such as the loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997). Here, Aruanno claimed that the defendants had failed to transport him to a hearing in state court. However, as the District Court pointed out, the state court denied Aruanno's claims on the merits, for reasons that had nothing to do with Aruanno's nonattendance. See State v. Aruanno, Cr. A. No. 97-01-0016, 2012 WL 1948670 (N.J. Super. Ct. App. Div. May 31, 2012); see also McTernan v. City of York, Pa., 577 F.3d 521, 526 (3d Cir. 2009) ("a court may take judicial notice of a prior judicial opinion"). Aruanno has failed to allege that he was prejudiced in any way by his inability to attend the hearing, and accordingly, he failed to state a viable access-to-the-courts claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (prisoner must demonstrate that deprivation "hindered his efforts to pursue a legal claim").

Further, we conclude that Aruanno's retaliation claim is barred by res judicata. Res judicata bars claims that were brought, or could have been brought, in a previous action; it applies where there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (quotation marks omitted). Here, Aruanno contends that, as a result of his exercise of his First Amendment rights, he was placed in lock-up in December 2009. In one of his previous cases

involving the same defendants,[1] however, Aruanno presented a retaliation claim premised on this same punishment, and the District Court dismissed the complaint for failure to state a claim.  See Aruanno v. Caldwell, Civ. A. No. 09-5652, 2011 WL 2293385 (D.N.J. June 8, 2011).  A district court's order dismissing a complaint on this basis constitutes a "final judgment on the merits" for the purposes of res judicata.  See Denton v. Hernandez, 504 U.S. 25, 34 (1992); Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981).  Thus, Aruanno either did raise this identical retaliation claim in his previous action, or, at the least, certainly could have done so, and accordingly, res judicata prevents him from relitigating it in this action.  See generally Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 329 n.2 (3d Cir. 2000).

Finally, we conclude that Aruanno's allegations concerning his lack of phone access to friends and family fail to state a claim on which relief can be granted.  We agree that prisoners maintain a First Amendment "right to communicate with family and friends," and that the telephone can be a means of exercising this right.  Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (quotation marks omitted).  However, Aruanno's allegations are entirely conclusory and fail to state a facially plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").[2]

---

[1] Aruanno has added Steven Johnson as a named defendant in this case, but he has not alleged that Johnson had any role in the alleged retaliation.

[2] Further, given that it had previously provided Aruanno with leave to amend, we discern

4

Accordingly, we will affirm the District Court's judgment.[3]

---

no error in the District Court's refusal to allow Aruanno to amend the complaint an additional time.  See Day v. Florida, 743 F.3d 40, 43 (3d Cir. 2014).

[3] In his appellate brief, Aruanno seems to allege that the defendants have unlawfully monitored his phone calls to his attorneys.  However, he did not present this claim to the District Court, and we will not address the merits of the claim for the first time on appeal. See C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir. 2010).